UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERKAN YUKSELOGLU,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. C26-467RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Serkan Yukseloglu's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Dkt. #1.  The Court has reviewed the petition, the Return filed by the Government, Dkt. #4, a Reply, Dkt. #7, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government.  *See* Dkts. #1 and #5.

Petitioner is a citizen of Turkey who entered the United States without inspection on December 22, 2024.  Dkt. #1 at 6; Dkt. #5 at 2.  That same day he was picked up by Customs and Border Protection and detained for expedited removal proceedings.  Dkt. #5 at 2.  Petitioner claimed fear of removal and his case was referred to U.S. Citizenship and Immigration Services ("USCIS").  *Id*.

On December 30, 2025, Petitioner was transferred to Adams County Correctional Center in Natchez, Mississippi.  *Id*.  On January 7, 2025, Petitioner was transferred to the NWIPC.  *Id*. On or about February 4, 2025, USCIS returned a positive fear determination.  *Id*.  On February

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

7, 2025, Petitioner was issued a Notice to Appear ("NTA") alleging that Petitioner was inadmissible pursuant to sections 212(a)(6)(A)(i) and 212(a)(7)(A)(I)(i) of the Immigration and Nationality Act ("INA"), placing Petitioner in full removal proceedings before an Immigration Judge ("IJ"). *Id.* On August 8, 2025, an IJ ordered Petitioner removed from the United States. However, the IJ granted Petitioner withholding of removal to Turkey under INA § 241(b)(3), which states that an alien cannot be removed to a country where the alien's "life or freedom would be threatened… because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *Id*.

A declaration from the Government's Deportation Officer indicates that Petitioner has "refused to provide… any third countries he could be removed to without first speaking to his attorney," and "continued to refuse to assist in removal to a third country." *Id*. at 2–3. The Deportation Officer states, "[t]o effectuate removal, ERO relies on cooperation from aliens under final orders of removal to assist in designating countries they may have ties to or would otherwise be removed to, and in requesting acceptance by the consulates of those foreign countries." *Id*. Petitioner is not a citizen or resident of any other country and has not lived in any country other than Turkey and the United States. Dkt. #1 at 6.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties both discuss the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3

was arrested, detained for months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his continued detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes.  But where Petitioner is detained for over six months and cannot be deported the Government fails this factor.  There is no evidence on the record that he is a flight risk or danger to the community. The Court finds that the Government's interest here is low.  *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained.

Petitioner has been held in detention for over six months.  Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689.  The Supreme Court has further identified six months as a presumptively reasonable time to bring about a noncitizen's removal.  *Id*. at 701. Once it is determined that there is no significant likelihood of removal in

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 4

the reasonably foreseeable future, noncitizens may be released on an Order of Supervision. 8 C.F.R. § 241.13(h).  This can be revoked on account of changed circumstances where there is a significant likelihood of the noncitizen's removal in the reasonably foreseeable future.  8 C.F.R. § 241.13(i)(2).

Respondents' only evidence that removal is "reasonably foreseeable" are generalized representations without evidence.  The Court agrees with Petitioner that "Respondents offer no evidence that removal is significantly likely in the reasonably foreseeable future" because "they do not identify any destination country prepared to accept Petitioner, any travel document issued or forthcoming, or any concrete, time-bound plan for removal."  Dkt. #7 at 5.   Although Respondents accuses Petitioner of noncooperation, this accusation is not tied to any concrete plan for removal to a specific country.  This is not obstruction, it is blaming an asylum seeker for not having ties to third, fourth, or fifth countries.  Under the above law, immediate release is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED.  The Court ORDERS that Petitioner shall be released from custody immediately and may not be re-detained without providing adequate notice of the proposed county of removal, the reasons for his re-detention, and a meaningful opportunity to respond.

DATED this 5th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5